# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROL LEE OWINGS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-20-1295-SM |
| KIKOLO KIJAKAZI, ) | |
| Acting Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Carol Lee Owings (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 13, 14.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) erred at steps two and four of his analysis and failed to assess the impact of her obesity. Doc. 15, at 6. After a careful review of the record (AR),

the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C. Relevant findings.

#### 1. The ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 17-25; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since May 1, 2019, the alleged onset date;

(2) had the following severe medically determinable impairments: diabetes mellitus, neuropathy, and obesity;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] (RFC) to perform the full range of light work;

(5) was capable of performing her past relevant work as a server, vault cashier, and money counter; and so,

(6) had not been under a disability from May 1, 2019 through June 23, 2020.

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

3

AR 17-25.

## 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

### B. Issues for judicial review.

Plaintiff asserts the ALJ erred (1) at step two by failing to consider all of her impairments; (2) at step four by failing to account for all of her physical and mental limitations; and (3) in failing to "include obesity at Step 4 and as required when developing his RFC." Doc. 15, at 6-14.

#### 1. Substantial evidence shows the ALJ considered all of Plaintiff's impairments.

Plaintiff contends "[t]he ALJ's determination at step two of the sequential evaluation process failed because he did not properly consider the entire record and all of [Plaintiff's] impairments." *Id.* at 6. At step two, the issue is whether the claimant suffers from at least one "severe" medically determinable impairment. *See Dray v. Astrue*, 353 F. App'x 147, 149 (10th Cir. 2009). "[S]tep two is designed 'to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability.'" *Id.* (quoting *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring)). When an ALJ finds at least one impairment severe and proceeds to the remaining steps of the evaluation, any error at step two in failing to find a different impairment severe is considered harmless. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (stating that "any error [at step two] became harmless when the ALJ reached the proper conclusion that [the plaintiff] could not be denied benefits

5

conclusively at step two and proceeded to the next step of the evaluation sequence.").

At step two, the ALJ determined that Plaintiff suffered from "severe": diabetes mellitus, neuropathy, and obesity. AR 18. Following that determination, the ALJ proceeded through the remaining steps in the disability analysis. *See id.* 18-25. Thus, any error at step two is considered harmless.

To the extent Plaintiff argues the ALJ needed to consider these conditions "throughout the disability evaluation," the ALJ did so. Doc. 15, at 6. After finding Plaintiff's three severe impairments (diabetes mellitus, neuropathy, and obesity), the ALJ found her bladder leakage and depression to be non-severe. AR 18. Plaintiff argues the ALJ did not mention her metatarsalgia, Morton's neuroma, and neuritis of her right ankle. Doc. 15, at 7. She also contends he "ignored" her hypertension, palpitations, varicose veins, and edema. *Id.*

The Commissioner points out that the ALJ "specifically discussed Plaintiff's foot and ankle multiple times in assessing her RFC." Doc. 19, at 7 (citing AR 20-25). The Court agrees the ALJ considered medical records from Dr. Rhonda Jean Green that, in turn, considered the diagnoses of just these impairments. AR 23 (citing *id.* at 550-53). To the extent that the ALJ neglected

6

to individually assess her hypertension, palpitations, varicose veins, and edema, he likely did so because the objective evidence supported no functional limitations. Plaintiff's lisinopril prescription, a drug used to treat hypertension, showed the "Type" was "Maintenance," *see, e.g.*, *id.* at 497, 500, 503. The ALJ also acknowledged her mild edema and varicose veins, *id.* at 23, and medical records involving her heart palpitations. *Id.* at 22 (citing *id.* at 540-43). So, the ALJ did consider these conditions.

### 2. Substantial evidence supports the ALJ's step-four determination, and the ALJ did not err in reaching it.

Plaintiff contends "[t]he ALJ violated the *Winfrey* [*v. Chater*, 92 F.3d 1017, 1023 (10th Cir.1996)] test by failing to account for all of [Plaintiff's] physical and mental limitations." Doc. 15, at 9. She maintains that the ALJ "did not use" the one hypothetical question he asked of the vocational expert. *Id.* at 10. So, her theory goes, the ALJ's determination she could perform light work lacked any input from the vocational expert and did not account for all of her limitations.

At step four of the sequential evaluation process, the ALJ must make specific findings in three phases. *Winfrey*, 92 F.3d at 1023. In phase one, "the ALJ should first assess the nature and extent of [the claimant's] physical limitations." *Id.* In phase two, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." *Id.* at

7

1024. Finally, in phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* at 1023. The ALJ should make these findings on the record. *Id.* at 1025.

The Court agrees with the Commissioner that "VE testimony is not a requirement at step 4. . . ." Doc 19, at 10 (citing 68 Fed. Reg. 51153, 51160 (Aug. 26, 2003)). An ALJ is not required to seek vocational expert testimony when he decides a case at step four. *Kepler v. Chater*, 68 F.3d 387, 392 (10th Cir. 1995) (citing *Glenn v. Shalala*, 21 F.3d 983, 988 (10th Cir. 1994)). The ALJ must base his RFC assessment on all relevant evidence in the record, which can include medical history, medical sources, reports of daily activities, lay evidence, recorded observations, effects of symptoms, and testimony during the hearing. *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *4-5 (July 2, 1996).

That is what the ALJ did here. The ALJ considered and found persuasive the opinions of the Oklahoma Disability Determination Division (finding no severe mental impairments) and state physicians (finding Plaintiff could perform the full range of light work). AR 24. And the ALJ discounted some of Plaintiff's subjective complaints in evaluating her consistency. After this analysis, the ALJ concluded the record evidence "is consistent with the above

limitations to light work." *Id.* at 23. His conclusion that Plaintiff is capable of light work was therefore based on all the relevant medical evidence, which does not support further limitations. Because substantial evidence supports this conclusion, Plaintiff did not meet her burden to show that her impairments prevent her from performing past relevant work.

### 3. The ALJ adequately assessed Plaintiff's obesity.

Plaintiff next maintains "[t]he ALJ did not perform an adequate assessment of the impact of [her] obesity on her disability." Doc. 15, at 13. At step two (as noted above), the ALJ found obesity to be one of Plaintiff's several severe impairments. At step three, the ALJ found that no impairment or combination thereof satisfied the criteria of a listed impairment. AR 19. He evaluated Plaintiff's obesity under SSR 19-2p, 2019 WL 2374244 (May 20, 2019), and observed that obesity was no longer classified under a specific listing. *Id.* He concluded that the totality of evidence did not show the functional effects of obesity combined with her other impairments either met or equaled a listing. *Id.* at 20.

SSR 02-1p states that the effects of obesity must be considered throughout the sequential evaluation process. *See* 2002 WL 34686281, at *1 (Sept. 12, 2002). "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment."

Thus, "[a]ssumptions about the severity or functional effects of obesity combined with other impairments [will not be made]," and "[w]e will evaluate each case based on the information in the case record." *Id.* at *6.

Plaintiff points to no evidence in the medical record reflecting "functional limitations from [her] obesity or of any impairments possibly caused or exacerbated by her obesity that are inconsistent with the RFC[,] . . . ." *Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 798 (10th Cir. 2013), and the ALJ need not speculate as to the impact of her obesity. *See Fagan v. Astrue*, 231 F. App'x 835, 837-838 (10th Cir. 2007) ("The ALJ discussed the evidence and why he found [the claimant] not disabled at step three, and, the claimant—upon whom the burden rests at step three—has failed to do more than suggest that the ALJ should have speculated about the impact her obesity may have on her other impairments."); *Smith v. Colvin*, No. CIV-13-617-F, 2014 WL 4384705, at *4 (W.D. Okla. Sept. 3, 2014) (Where "there is no medical evidence in the record ascribing a particular physical limitation to obesity in and of itself and plaintiff has not pointed to any limitation imposed by her obesity alone, [s]pecific findings as to the effects of plaintiff's obesity on her [other impairments] were unnecessary and, on the record in this case, impossible to make."); *see also* AR 24 (noting medical records showing Plaintiff was reported

as "morbidly obese" but noting "no mention of adverse effect on gait or her ability to walk").

The Court therefore finds no error in the ALJ's consideration of the claimant's obesity.

### III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 30th day of December, 2021.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE